# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **FREDERICK BANKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2017-0038 |
| ) | |
| **ADRIAN ROE, Esquire, MARK R.** ) | |
| **HORNAK, Judge, ROBERT CESSAR,** ) | |
| **AUSA, SOO SONG, U.S. Attorney, U.S.** ) | |
| **DISTRICT COURT FOR THE WESTERN** ) | |
| **DISTRICT OF PENNSYLVANIA, S.A.** ) | |
| **SEAN LANGFORD, S.A. ROBERT WENER,** ) | |
| **SCOTT SMITH, S.A. in Charge, MIKE POMPEO,** ) | |
| **FEDERAL BUREAU OF INVESTIGATION,** ) | |
| **CENTRAL INTELLIGENCE AGENCY,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Appearance:**

**Frederick Banks,** *Pro Se*
Youngstown, OH

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Magistrate Judge George W. Cannon, Jr.'s Report and Recommendation ("First R&R") (Dkt. No. 10) and "Order and Supplemental Report and Recommendation" ("Supplemental R&R") (Dkt. No. 13) recommending that Plaintiff Frederick Banks' "Complaint and For a Writ of Mandamus" ("Complaint") (Dkt. No. 1) be dismissed. For the reasons that follow, the Court will vacate as moot the First R&R and adopt as modified herein the Supplemental R&R.

### I.   BACKGROUND

On July 7, 2017, Plaintiff filed a Complaint seeking declaratory and monetary relief against

Defendants for allegedly delaying his case in violation of his constitutional rights. (Dkt. No. 1). One day after the filing of Plaintiff's Complaint, Magistrate Judge George W. Cannon, Jr. entered an Order directing Plaintiff to file a motion to proceed *in forma pauperis* or pay the requisite filing fee within 30 days of the date of the Order. (Dkt. No. 2). In response, Plaintiff filed a Motion to Proceed *in Forma Pauperis* ("IFP Motion"), but did not include a certified copy of his institutional account statement demonstrating deposits, withdrawals, and balances for the prior six months as required by 28 U.S.C. § 1915(a)(2). (Dkt. No. 4). On January 23, 2018, the Magistrate Judge denied without prejudice the IFP Motion and directed the Clerk's Office to provide Plaintiff with a copy of his Complaint and the requisite forms in the event that Plaintiff opted to re-file. (Dkt. No. 7).

Approximately two months after the issuance of the Order, Magistrate Judge Cannon issued the First R&R recommending that Plaintiff's Complaint be dismissed. (Dkt. No. 10). At the time, Plaintiff had still not submitted a proper IFP Motion, nor had he paid the requisite filing fee. *Id.* The Magistrate Judge also noted that a return receipt had not been returned to the Court, but Plaintiff had not informed the Court of a change of address. *Id.* at 10. Plaintiff did not file any Objections to the First R&R.

Upon discovering that the January 23, 2018 Order was mailed to the wrong address, Magistrate Judge Cannon issued a Supplemental R&R. (Dkt. No. 13). Therein, the Magistrate Judge examines Plaintiff's IFP Motion—as if it had been filed with the proper documentation—to determine whether Plaintiff would be eligible to proceed. *Id.* at 3. In denying the IFP Motion once again and recommending dismissal of Plaintiff's action, the Magistrate Judge concludes that Plaintiff is ineligible to proceed *in forma pauperis* because he has been identified as a three-strikes litigant by other courts pursuant to 28 U.S.C. § 1915(g). *Id.* at 4. The Magistrate Judge further

concludes that for Plaintiff to proceed with his Complaint, he must pay the filing fee before proceeding, or show cause as to why he is not a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *Id.* The Magistrate Judge also states that, in future filings, Plaintiff must demonstrate that venue is proper in the District Court of the Virgin Islands because the parties to the Complaint and Plaintiff's allegations therein do not have any connection to the District. *Id.* at 5.

## II.     APPLICABLE LEGAL PRINCIPLES

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). The objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.

When reviewing an R&R, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Supreme Court has instructed that, although 28 U.S.C. § 636 does not require the judge to conduct a *de novo* review if no objections are filed, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Accordingly, the Third Circuit has held that, even in the absence of objections to a report and recommendation, a district court should "afford some level of review to dispositive legal issues raised by the report." *Equal Emp. Opportunity Comm'n v. City*

*of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Ellenburg v. Virgin Islands,* No. CV 23-0035, 2024 WL 4366906, at *1 (D.V.I. Sept. 30, 2024) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted) (citation omitted)). The Third Circuit has described this level of review as "reasoned consideration." *Equal Emp. Opportunity Comm'n*, 866 F.3d at 100.

The Advisory Committee Notes to the 1983 Amendments to Rule 72(b) of the Federal Rules of Civil Procedure state: "[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Some district courts have also adopted a "clear error" or "manifest injustice" standard for the review of those portions of an R&R that are not contested. *Massie v. Finley*, No. 1:19-CV-01201, 2021 WL 11108887, at *1 (M.D. Pa. June 2, 2021) (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Cruz v. Chater*, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (noting that court's review is limited to ascertaining whether there is "clear error on the face of the record'"); *see also Pratt v. Marsh*, No. 19-CV-00416, 2021 WL 2188576, at *8 (E.D. Pa. May 28, 2021), *aff'd sub nom. Pratt v. Superintendent Benner Twp. SCI*, No. 21-2328, 2023 WL 5607516 (3d Cir. Aug. 30, 2023) (internal citations omitted) ("Uncontested portions of a report and recommendation, as well as portions to which untimely or general objections are made . . . at the very least . . . should be reviewed for clear error or manifest injustice."). Clear error occurs "when, [in] reviewing 'the entire record, the court is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Griffith*, 2024 WL 5053426, at *3 (3d Cir. Dec.

4

10, 2024) (citing *United States v. Caraballo*, 88 F.4th 239, 244 (3d. Cir. 2023)). In passing, a panel of the Third Circuit has appeared to accept this clear error/manifest injustice standard. *See Seamon v. Shapiro*, No. 24-1451, 2025 WL 88837, at *2 (3d Cir. Jan. 14, 2025) ("The District Judge appropriately conducted a narrow review of the Magistrate Judge's report and recommendation for clear error or manifest injustice, because Seamon did not file objections to the report.").

### III. DISCUSSION

As a preliminary matter, because the Magistrate Judge has issued a Supplemental R&R which addresses the issue of whether Plaintiff is eligible to proceed *in forma pauperis* on the merits, the Court will vacate the First R&R as moot.[1]

While the return receipt does not indicate when Plaintiff received the Supplemental R&R, Plaintiff has not filed any objections with the Court to date. Therefore, because Plaintiff has not filed any objections within the 14-day period permitted by the Federal Rules of Civil Procedure—or indeed, anytime after—the Court will review the Supplemental R&R for clear error or manifest injustice.

Title 28 U.S.C. § 1915(g) provides:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Therefore, 28 U.S.C. § 1915(g)—or the "three strikes rule"—"limits a prisoner's ability to proceed [*in forma pauperis*] if the prisoner abuses the judicial system by filing

---

[1] The First R&R was delivered to Plaintiff on April 24, 2017. (Dkt. No. 70). No objections to the R&R were filed with the Court, within the 14-day period or thereafter.

frivolous actions [on three or more prior occasions]. Prisoners may avoid the limitation in this provision, however, if they are under 'imminent danger of [serious] physical injury'" at the time the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001).

In the Supplemental R&R, the Magistrate Judge states that a review of the public records and a case law search reveals that Plaintiff is a frequent litigant in courts across the United States, and many of Plaintiff's cases have been dismissed as frivolous. (Dkt. No. 13 at 4). In addition, other courts, including the Third Circuit Court of Appeals, have found Plaintiff to be a three-strikes litigant, thereby dismissing his motions to proceed *in forma pauperis*. *See, e.g., Banks v. Commonwealth of Pennsylvania*, Third Circuit No. 10–1597 (Apr. 8, 2010) (denying Banks leave to appeal *in forma pauperis* because he has three strikes); *Bryant v. Cent. Intel. Agency,* No. 220CV0113, 2020 WL 606757, at *2 (C.D. Cal. Feb. 7, 2020) (quoting *Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018) ("Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases . . . All of these cases were dismissed as frivolous. He has been declared to be subject to [the] three strike provision of 28 U.S.C. 1915(g) on numerous occasions."); *Banks v. Francis,* No. 2:15-CV-1400, 2015 WL 9694627, at *4 (W.D. Pa. Dec. 18, 2015), *report and recommendation adopted*, No. 15-1400, 2016 WL 110020 (W.D. Pa. Jan. 11, 2016) ("Therefore, Plaintiff is presumptively subject to revocation of his *in forma pauperis* privileges pursuant to § 1915(g) by virtue of his lengthy past history of wholly meritless litigation."). Further, the Magistrate Judge finds that there was no reasonable indication from the Complaint that Plaintiff is under "imminent danger of serious physical injury." (Dkt. No. 13 at 4). Therefore, the Magistrate Judge—based on a review of the public records, case law and the record in this case—concludes that Plaintiff is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g); that he is not under "imminent danger of serious physical injury;" and that he is therefore

6

not entitled to proceed *in forma pauperis*.

The Court finds no clear error or manifest injustice in the Magistrate Judge's findings that Plaintiff qualifies as a three-strikes litigant and that there is no indication in the record that he is under "imminent danger of serious physical injury." Accordingly, the Court will adopt as modified the Supplemental R&R and will dismiss Plaintiff's Complaint.[2]

### IV.    CONCLUSION

In view of the foregoing, the Court will adopt as modified herein Magistrate Judge George W. Cannon, Jr.'s Supplemental R&R (Dkt. No. 13). Specifically, the Court will dismiss Plaintiff Frederick Banks' "Complaint and For a Writ of Mandamus" (Dkt. No. 1) based on his ineligibility to proceed *in forma pauperis* and his failure to pay the requisite filing fee. Magistrate Judge Cannon's First R&R (Dkt. No. 10) will be vacated as moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: August 11, 2025 _____/s/_____
WILMA A. LEWIS
Senior District Judge

---

[2] Because Plaintiff has not crossed a primary threshold to filing his civil action—in view of his submission of an ineligible IFP Motion and his failure to pay the filing fee—the Court will not address the issue of whether venue is proper in this District. Accordingly, the Court will not adopt the Magistrate Judge's Supplemental R&R in this regard.